## BALDWIN v. J. B. FARTHING LUMBER CO.

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1911. Rehearing Denied Jan. 24, 1912.)

1. APPEAL AND ERROR (§ 1062*)—REVIEW—HARMLESS ERROR.

The submission of an issue concluded against defendant by his admission of record is not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

2. SALES (§ 364*)—ACTIONS—INSTRUCTIONS.

In an action upon an account for lumber sold and delivered, where defendant contended that certain shiplap and siding was included in a list of lumber, which plaintiff agreed to furnish at a stipulated price, a charge that, if defendant ordered a bill of lumber at an agreed price, which bill included the shiplap and siding, then verdict on that issue should be for defendant, and otherwise for plaintiff, was correct.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 364.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by the J. B. Farthing Lumber Company against J. C. Baldwin. From a judgment for plaintiff, defendant appeals. Affirmed.

Baldwin & Taylor, for appellant. Daniel E. Garrett, for appellee.

PETICOLAS, J. This was a suit on an account for lumber, with a balance due of $618.30, by J. B. Farthing Lumber Company against J. C. Baldwin. The lumber was ordered by Mrs. Baldwin.

There was an admission of record that the material went into a house on premises owned by Baldwin, and that all of the account is correct, with the exception of $139.-25 on shiplap and siding, and that the price charged for all material, as shown by the account of plaintiff sued on, was the reasonable market value of same. The suit being against J. C. Baldwin, the above admission that the account is correct destroys the contention of appellant that the lumber was sold to Mrs. Baldwin and not to J. C. Baldwin. It being an admission that the account was correct as to all items, except shiplap and siding, it also destroys appellant's contention that he should be credited with the price of certain columns.

[1, 2] On the issue of $139.25 for shiplap and siding, Mrs. Baldwin testified that the lumber company agreed to furnish a list of lumber for $600, which included the shiplap and siding. The lumber company's witness testified that they agreed to furnish the list of lumber named for $600, and the shiplap and siding extra at a certain price per thousand. This was the only issue of fact left in the case by the admission quoted, although the trial court did also submit an is-

sue as to four columns; if doing so was error, it was clearly in favor of the appellant, and of it he cannot complain.

The court's charge on the issue as to the shiplap and siding was as follows: "If you believe from the evidence that Mrs. Jacob C. Baldwin, acting for her husband, J. C. Baldwin, ordered a bill of lumber from the Farthing Lumber Company for an agreed price of $600, and that this bill of lumber included the items of 6,500 feet of shiplap and 1,500 feet of siding, amounting to $139.25, and that the Farthing Lumber Company had agreed to furnish same, together with the other items, for $600, then you will credit the bill with the item of $139.25. If you believe from the evidence that the items of 6,500 feet of shiplap and the 1,500 feet of siding were not included in the bill of lumber agreed to be furnished for $600, but that the same was ordered as an extra over and above the estimate of $600, then you will charge defendant with the item of $139.25." This was clearly a correct charge, and none of the objections made to it by appellant are sustainable.

The case is therefore affirmed.